**BECOR–WESTERN, INC., Plaintiff,**

v.

**GREENVILLE STEEL CAR COMPANY,
a subsidiary of Ampco-Pittsburgh
Corporation, Defendant.**

Civ. A. No. 85–1740.

United States District Court,
W.D. Pennsylvania.

Jan. 21, 1987.

Denise D. Hunkele, Pittsburgh, Pa., for plaintiff.

Richard T. Wentley, Pittsburgh, Pa., for defendant.

## MEMORANDUM

GERALD J. WEBER, District Judge.

Defendant has moved for partial summary judgment on several issues in an effort to preclude recovery of damages for the period following plaintiff's plant closing. Defendant also seeks to prevent discovery beyond that point. However, the evidence submitted, although considerable in volume, is wholly inadequate to support defendant's motion. We will briefly address the issues raised.

Defendant argues that plaintiff's plant closing and refusal of orders after July 1, 1981 made it impossible for plaintiff to perform under the contract and constituted an anticipatory breach. However, the mere fact that plaintiff's plant closed is not enough. See, *Scullin Steel Co. v. Paccar,* 708 S.W.2d 756 (Mo.App.1986); *Unique Systems Inc. v. Zotos International, Inc.,* 622 F.2d 373 (8th Cir.1980). It is undisputed that defendant failed to order

carsets after December, 1980 apparently in breach of the contract, and plaintiff argues that this prior breach was a substantial cause of plaintiff's plant closing 7 months later. Furthermore, if plaintiff establishes a prior breach by defendant, the plant closing may have been required in mitigation of damages. See, *Scullin*. On this record we cannot award summary judgment.

■ Defendant also argues that plaintiff cannot establish damages under the UCC. 13 Pa.C.S.A. § 1101 et seq. Both parties agree that § 2708(b) provides the appropriate measure of damages, that is, the loss of profit measured by the contract price less the cost of manufacture. Defendant freely asserts that plaintiff's manufacturing costs for carsets exceeded their price and if supported by evidence, this would be an appropriate basis for summary judgment. But the record amazingly contains no evidence of either price or manufacturing cost. Rather defendant recites the losses sustained by plaintiff's Railroad Division as evidence of the absence of profit in carsets. While those division losses may ultimately reflect loss in the sales of carsets, there are many unanswered, fundamental questions which preclude drawing the inference defendant seeks. Are carsets the only product of the Railroad Division? If not, what part of the loss is attributable to carsets? What part of the loss reflects actual manufacturing costs and not accounting techniques?

It is also curious that defendant restricts this argument to the period after July 1, 1981. If properly supported with evidence of price and manufacturing costs, this issue could be dispositive of most or all of the claim.

■ Finally, defendant argues that in the absence of a reasonably certain basis for defining a remedy, the contract fails for indefiniteness. It is axiomatic that damages need not be proven with certainty and the fact that defendant contests or raises questions about the measure of damages does not render the contract unenforceable.

This opinion is not intended to preclude any well supported motion for summary judgment, should additional facts warrant it. However, the court does not wish to repeat its experience here: wading through lengthy briefs and collections of often duplicative exhibits to find little relevant evidence on either side.

Defendant also opposes plaintiff's motion to compel the production of documents for the period after July 1, 1981. Based on our holding above, these documents are or may be relevant and are discoverable. Plaintiff's motion to compel will be granted.

Finally, we note that both parties submitted briefs with evidentiary materials attached. In this District, evidentiary materials are made part of the record, but briefs are not. Counsel are therefore directed to submit briefs and evidentiary material as separate items in any future motions.

### ORDER

AND NOW in accord with the accompanying Memorandum, it is hereby ORDERED that defendant's Motion for Partial Summary Judgment is DENIED, without prejudice to its renewal if additional facts warrant it.

Furthermore, plaintiff's Motion to Compel is GRANTED as to the production of documents after July 1, 1981. Defendant shall respond to all subject discovery requests within 30 days of this order.